**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 20-cv-02020-CMA-NYW

JDM FARMLAND, LLC,

  Plaintiff,

v.

BRIAN MAUCH,

  Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

---

  This matter is before the Court on Plaintiff's Motion for Default Judgment. (Doc. #14). For the reasons below, the Court grants the Motion and enters default judgment in Plaintiff's favor.

## I.  BACKGROUND

  This is a breach-of-contract case. Plaintiff, JDM Farmland, LLC, owns a parcel of agricultural land in Baca county, Colorado. (Doc. # 1, ¶¶ 1, 6). In 2017, Plaintiff leased the land to Defendant for a term of thirty-four months. (Doc. # 1-1). According to the lease terms, Defendant was to pay cash rent in the amount of $315,000.00, payable in four installments: $52,500 on March 1, 2018; $52,500 on August 1, 2018; $105,000 on January 1, 2019; and $105,000 on January 1, 2020. (Doc. # 1-1, at Sec. 3).

  According to Plaintiff's Complaint, Defendant paid the first rent installment in accordance with the lease terms, but then failed to pay any of the remaining

installments. (Doc. # 1, ¶ 11). Plaintiff twice notified Defendant of the delinquency and demanded payment (Ex. B to Doc. # 1), but it did not receive any of the remaining rent due. Defendant ultimately vacated the premises, and Plaintiff leased the property to a new tenant. (Doc. # 1, ¶ 15). Plaintiff now seeks default judgment against Defendant in the amount of $144,750.00, plus contractual late fees, attorney fees, costs, and interest (Doc. # 14).

## II.   STANDARD OF DECISION

Pursuant to the Federal Rules of Civil Procedure, courts must enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). Default judgment may be entered by the clerk of court if the claim is for "a sum certain," Fed. R. Civ. P. 55(b)(1); in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

> [D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.

*In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

A default amounts to an admission of liability, and all well-pleaded allegations in the complaint pertaining to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted); *Lyons P'ship, L.P. v. D&L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 109 (E.D.N.Y. 2010). "The Court also accepts as undisputed any facts set forth by the

moving party in affidavits and exhibits." *Bricklayers & Trowel Trades Int'l Pension Fund v. Denver Marble Co.*, No. 16-CV-02065-RM, 2019 WL 399228, at *2 (D. Colo. Jan. 31, 2019) (citing *Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127, 1135 (D. Colo. 2014)). It "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Leider v. Ralfe*, No. 01 Civ. 3137 (HB) (FM), 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004) (quoting *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

In the context of a default judgment, a plaintiff "must . . . establish that on the law it is entitled to the relief it requests, given the facts as established by the default." *PHL Variable Ins. Co. v. Bimbo*, No. 17-CV-1290 (FB) (ST), 2018 WL 4691222, at *2 (E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, No. 17-CV-1290 (FB) (ST), 2018 WL 4689580 (E.D.N.Y. Sept. 28, 2018) (quoting *Trs. of the Plumbers Local Union No. 1 Welfare Fund v. Generation II Plumbing & Heating, Inc.*, No. 07CV5150 (SJ) (SMG), 2009 WL 3188303, at *2 (E.D.N.Y. Oct. 1, 2009)).

### III.   <u>ANALYSIS</u>

Following a clerk's entry of default, courts follow two steps before granting default judgment. First, a court must ensure it has subject matter and personal jurisdiction. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (holding that default judgment against defendant over whom court has no personal jurisdiction is void). Defects in personal jurisdiction are not waived by default when a party fails to appear or to respond, and the

plaintiff bears the burden of proving personal jurisdiction before a default judgment may

be entered. *Williams*, 802 F.2d at 1202–03. "Where, as here, the issue is determined on

the basis of the pleadings and affidavits, that burden may be met by a prima facie

showing." *Sharpshooter Spectrum Venture, LLC v. Consentino,* No. 09-cv-0150-WDM-

KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) (citing *Shrader v. Biddinger,* 633

F.3d 1235, 1239 (10th Cir. 2011)).

Second, courts must consider whether the well-pleaded allegations of fact—

which are admitted by a defendant upon default—support a judgment on the claims

against the defaulting defendant. *See Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir.

2016) (plaintiff in a default action did not need to prove complaint's factual allegations;

however, judgment must be supported by a sufficient basis in the pleadings).

**A.      JURISDICTION**

    1. <u>Subject Matter Jurisdiction</u>

The Court has diversity jurisdiction over the instant case: Plaintiff is a Delaware

limited liability whose sole member resides in New York (Doc. # 1, ¶ 1); Defendant is a

resident of Kansas (Doc. #1, ¶ 2); and the amount in controversy exceeds $75,000

($144,750.00), excluding prejudgment interest, attorney fees, and costs. (Docs. ## 1,

14) Therefore, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

    2. <u>Personal Jurisdiction</u>

The Court also finds that it has personal jurisdiction over Defendant because

service was adequate, *see Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F.

Supp. 3d 1235, 1241 (D. Colo. 2015), and exercising jurisdiction over Defendant

comports with constitutional due process demands, *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

Plaintiff effected service on July 10, 2020, when a process server retained by Plaintiff personally served the Summons and Complaint on Defendant at his residence in Kansas. (Doc. # 1-1, at ¶ 14; Doc. # 7). Therefore, Plaintiff completed service upon Defendant in accordance with Fed. R. Civ. P. 4(h).

Next, the Court finds that exercising jurisdiction over Defendant comports with constitutional due process demands. To establish personal jurisdiction in a diversity case, a plaintiff must show both that jurisdiction is proper under the forum state's long-arm statute and that exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution. *Equifax Services, Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir. 1990). However, parties to a contract may consent to litigate disputes in a particular forum by inserting a forum selection clause into their contract. *Elec. Realty Assocs., L.P. v. Vaughan Real Estate, Inc.*, 897 F. Supp. 521, 522–23 (D. Kan. 1995) (citing *Nat'l Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 315 (1964); *Williams v. Life Savings and Loan,* 802 F.2d 1200, 1202 (10th Cir. 1986)); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (explaining that party may consent to jurisdiction by assenting to a forum selection clause contained in a contract). "Absent fraud, duress, or other coercive factors, such an agreement precludes consenting corporations from later contesting personal jurisdiction unless they can clearly show that enforcement of the clause would be unreasonable." *Elec. Realty Assocs.*, 897 F. Supp. at 522–23 (citing *Bremen v. Zapata Off-Shore Co.*, 407

U.S. 1, 15–16 (1972)). "To the extent that parties have consented to personal jurisdiction in a certain forum, application of a forum state's long-arm statute and analysis of a party's contacts with the forum state are unnecessary." *Id.* at 523.

The relevant lease agreement in this case included a forum selection clause, which provides that any action for breach of the lease "shall be filed in the State in which the [leased] Premises is located." (Doc. # 1-1, at Sec. 26). The leased premises is located in Baca County, Colorado. Therefore, because there is no evidence in the record that this provision was procured through fraud, duress, or undue influence, the Court finds that the clause is reasonable, and that it is not necessary to analyze the application of Colorado's long-arm statute or Defendant's contacts with Colorado. Plaintiff has met its burden to establish this Court's personal jurisdiction over Defendant.

## B.   FAILURE TO DEFEND

### 1.   Defendant's Default

It is clear from the record that Defendant has defaulted. Plaintiff served Defendant on July 10, 2020. (Doc. #7). Defendant was required to answer or otherwise respond to the Complaint on or before August 1, 2020. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant has failed to answer or otherwise respond to the Complaint, and the time to do so has expired. *See* Fed. R. Civ. P. 12(a). The Clerk of Court, therefore, properly entered a certificate of default against Defendant on August 13, 2020. (Doc. # 11).

2.   <u>Liability</u>

The Court also finds that Plaintiff's Complaint and the documentation submitted in support of its Motion for Default Judgment provide a "sufficient basis in the pleadings for default to be entered." *Bixler*, 596 F.3d at 762. Under Colorado law, which governs this action, a plaintiff must establish the following elements to maintain a breach of contract claim: (1) the existence of a contract; (2) performance by the plaintiff or justification for nonperformance; (3) failure to perform by the defendant; and (4) resulting damage to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Accepting the well-pled allegations in the Complaint as true, the Court finds that the allegations support entry of default judgment against Defendant on Plaintiff's breach-of-contract claim. Plaintiff has established that Plaintiff and Defendant entered into a lease agreement, pursuant to which Plaintiff agreed to lease the subject property to Defendant in exchange for cash rent in the amount of $305,000. (Doc. # 1-1). Plaintiff delivered the property to Defendant, but Defendant failed to fulfill his payment obligation, resulting in financial loss to Plaintiff. (Doc. # 1, ¶¶ 13, 21-22). Accordingly, Plaintiff has established its claim for breach of contract, and default judgment is proper.

3.   <u>Damages</u>

Default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). This requirement helps ensure that plaintiffs who obtain default judgments do not receive more in damages than is supported by actual proof. *Id.* at 773 n.2. Rule 55(b) provides

that "the court may conduct such hearings or order such references as it deems necessary" in order to "determine the amount of damages." A court may enter a default judgment without a hearing when, as is the case here, "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Eighth Dist. Elec. Pension Fund v. Campbell Elec., Inc.*, No. 16-cv-03040-CMA, 2017 WL 1243059, at *2 (D. Colo. Mar. 17, 2017) (quoting *Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)). In making an independent determination of the amount of damages, "the court may rely on detailed affidavits or documentary evidence." *Id.* (quoting *Breaking the Chain Found., Inc. v. Capitol Educ. Supp., Inc.*, 589 F. Supp. 2d 25, 28 (D.D.C. 2008)); *Lopez v. Highmark Constr., LLP*, No. 17-cv-01068-CMA-MLC, 2018 WL 1535506, at *3 (D. Colo. Mar. 29, 2018) (same).

The damages in this case are capable of mathematical calculation. Plaintiff requests an award of (1) the remaining rent due under the lease agreement, less amounts collected from a substitute lessee after Defendant vacated the property; (2) a 10% contractual late fee; (3) statutory prejudgment interest on the foregoing damages; and (4) contractual attorney fees and costs. (Doc. # 14, pp. 9-10).

With respect to Plaintiff's request for damages in the form of unpaid rent, the lease agreement (Doc. # 14-2), the Affidavit of Robert Frizell (Doc. # 14-1), and the payment demands (Doc. ## 14-1 and 14-3) establish the amount due under the lease agreement and demonstrate that Defendant owes a balance of $144,750.00. Accordingly, judgment shall enter against Defendant in the amount of $144,750.00 for the principal amount of unpaid rent.

With respect to Plaintiff's request for damages in the form of a 10% contractual late fee, the Court finds that such damages are also supported by the record. The lease agreement (Doc. # 14-2) and the Affidavit of Robert Frizell (Doc. # 14-1) show that Defendant agreed to a lease provision giving Plaintiff the option of charging a 10% late fee on the gross amount of any delinquent lease payments. (Doc. # 14-2, Sec. 13). Defendant has provided sufficient documentation to show that the amount of those late fees is $26,250.00. (Doc. # 14-1). Therefore, judgment shall enter against Defendant in the amount of $26,250.00 in late fees.

With respect to Plaintiff's request for damages in the form of prejudgment interest, the Court concludes that Plaintiff has demonstrated that it is entitled to prejudgment interest in the amount of $17,484.25 pursuant to the calculation contained in the Affidavit of Robert Frizell. (Doc. # 14-1). With respect to Plaintiff's request for post-judgment interest, the Court finds that Plaintiff has demonstrated it is entitled to post-judgment interest at the federal rate as described in paragraph 20 of Plaintiff's Motion for default judgment. (Doc. #14). Post-judgment interest shall accrue from the date of entry of judgment.

Finally, with respect to Plaintiff's request for damages in the form of attorney fees and costs, the Court finds that Plaintiff has provided sufficient evidence to show that it is contractually entitled to attorney fees in the amount of $25,371.99 and costs in the amount of $687.07. (Doc. ## 14-2, 14-5).

The lease in question provides for recovery of "reasonable" attorney fees and costs incurred as a result of any breach of the agreement. (Doc. # 14-2, Sec. 13).

Though the agreement does not define a "reasonable" fee, the court concludes that Plaintiff has established that the fees and costs it seeks are reasonable.

To determine the amount of reasonable attorney fees to award, the court must generally "arrive at a 'lodestar' figure by multiplying the hours plaintiff['s] counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bagerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). "The party requesting the fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) (quoting *Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir.1998)). Plaintiff has met this burden.

Plaintiff has provided support for its position that the rates charged by its attorneys are reasonable and consistent with the rates charged for similar work by attorneys of comparable skill and experience. (Doc. # 14-5). Plaintiff has also provided documentation of the appropriateness of the hours expended. Plaintiff's fee request shows that its attorneys spent 43.45 hours investigating the underlying dispute, counseling Plaintiff, and prosecuting this action to completion; and Plaintiff has demonstrated, through detailed billing entries, that this amount of time was reasonable under the circumstances. (Doc. # 14-5). Plaintiff has also provided support for the amount of the requested costs. Therefore, the Court concludes that the requested fee and cost amount is reasonable.

In sum, Plaintiff has provided the Court with proof of the amount of damages, and

the Court finds that entering judgment against Defendant in the total amount of

$214,543.31 is warranted.

## IV.   **CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

- Plaintiff's Motion Default Judgment Against Defendant Brian Mauch (Doc. #14) is hereby GRANTED;

- Plaintiff is entitled to a total judgment of $214,543.31 in damages, consisting of:

  o principal unpaid rent in the amount of $144,750.00;

  o contractual late fees in the amount of $26,250.00;

  o prejudgment interest in the amount of $17,484.25;

  o attorney fees in the amount of $25,371.99; and

  o costs in the amount of $687.07;

- the Clerk of Court is DIRECTED to enter final judgment in favor of Plaintiff and against Defendant in the total amount of $214,543.31;

- post-judgment interest shall accrue at the federal rate from the date of entry of judgment.

The Clerk of Court is directed to close this case.

DATED:  October 15, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge